**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

ROBERT A. GIBBS,                            No. 2:18-CV-0859-MCE-CMK-P

        Petitioner,

    vs.                                    <u>FINDINGS AND RECOMMENDATIONS</u>

TOM BOSENKO,

        Respondent.

_____/

        Petitioner, a prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's petition for a writ of habeas corpus (Doc. 1).

        Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain that petitioner is not entitled to federal habeas relief.

/ / /

/ / /

/ / /

1    When a state prisoner challenges the legality of his custody – either the fact of

2   confinement or the duration of confinement – and the relief he seeks is a determination that he is

3   entitled to an earlier or immediate release, such a challenge is cognizable in a petition for a writ

4   of habeas corpus under 28 U.S.C. § 2254.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973);

5   see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49

6   F.3d 583, 586 (9th Cir. 1995) (per curiam).  Where a prisoner challenges the conditions of

7   confinement, as opposed to the fact or duration of confinement, his remedy lies in a civil rights

8   action under 42 U.S.C. § 1983.  See Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985); see

9   also Skinner v. Switzer, 131 S.Ct. 1289, 1298-99 n.13 (2011) (stating that ". . .when a prisoner's

10  claim would not 'necessarily spell speedier release,' that claim does not lie at 'the core of habeas

11  corpus' and may be brought, if at all, under § 1983").   Any claim that does not necessarily

12  shorten an inmate's incarceration, if successful, falls outside the scope of habeas jurisdiction.

13  See Blair v. Martel, 645 F.3d 1151, 1157-58 (9th Cir. 2011); see also Wilkerson v. Wheeler, ___

14  F.3d ___, 2014 WL 6435496 (9th Cir. 2014) (discussing loss of good-time credits); Nettles v.

15  Grounds, 788 F.3d 992 (9th Cir. 2015) (discussing loss of good-time credits).  Thus, 28 U.S.C.

16  § 2254 cannot be used to challenge the conditions of confinement, and 42 U.S.C. § 1983 cannot

17  be used to challenge the fact or duration of confinement.

18          In this case, petitioner claims that he is being denied access to the courts.  Because

19  success on petitioner's claim would not necessarily shorten his term of incarceration, it falls

20  outside the scope of habeas jurisdiction.

21          When a habeas corpus action is filed which states claims cognizable under § 1983,

22  the district court may recharacterize the action as a civil rights action where the action is

23  amenable to such recharacterization.  See Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016)

24  (en banc).  A habeas action is amendable to recharacterization when it names the correct

25  defendants and seeks the correct relief.  See id.  If the district court is inclined to recharacterize a

26  habeas action as a civil rights action, it may only do so after "notifying and obtaining informed

1 consent from the prisoner." Id.

2       The court does not recommend recharacterizing petitioner's habeas action as a

3 civil rights action. Specifically, petitioner does not name the correct defendant to a civil rights

4 action because, while he has named the supervisory official who has custody over him, he has not

5 named the individual(s) alleged to be personally responsible for denial of access to the courts.

6       Based on the foregoing, the undersigned recommends that petitioner's petition for

7 a writ of habeas corpus (Doc. 1) be summarily dismissed and that all pending motions be denied

8 as moot.

9       These findings and recommendations are submitted to the United States District

10 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days

11 after being served with these findings and recommendations, any party may file written

12 objections with the court. Responses to objections shall be filed within 14 days after service of

13 objections. Failure to file objections within the specified time may waive the right to appeal.

14 See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

15

16  DATED: June 18, 2018

17 _____

18 **CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26