# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT A. GIBBS,

    Plaintiff,

    v.

TOM BOSENKO,

    Defendant.

No. 2:18-CV-0859-MCE-DMC-P

FINDINGS AND RECOMMENDATIONS

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for injunctive relief (Doc. 5).

        The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public

interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374). The court cannot, however, issue an order against individuals who are not parties to the action. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). Moreover, if an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back. See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

In this case, plaintiff seeks an order requiring defendant, the Shasta County Sheriff, to "cease and desist" denying plaintiff access to the courts. Specifically, plaintiff contends defendant is implementing policies that curtail "telephonic access" to attorneys. Plaintiff also contends defendant's policies improperly deny him the ability to make photocopies of legal documents. Finally, plaintiff claims defendant's policy denies him access to legal forms.

The court finds injunctive relief is not warranted because plaintiff cannot at this time establish a likelihood of success on the merits of his claim, and because plaintiff has not demonstrated irreparable harm absent an injunction. At plaintiff's request, the court has recharacterized this action as a civil rights action and directed plaintiff to file an operative complaint alleging all his claims in a single pleading. To date, plaintiff has not filed his complaint. The court, therefor, cannot assess the merits of plaintiff's claim. In addition, plaintiff's allegations of generalized difficulty with access to the courts does not establish plaintiff will be irreparably harmed because plaintiff has not indicated he has or will be unable to meet any deadlines or that he has or will be unable to file a meritorious civil action or habeas claim. Plaintiff's contentions fail to establish an actual injury with respect to his access to the courts, see Lewis v. Casey, 518 U.S. 343, 349 (1996) (holding an "actual injury" necessary to plead a claim based on denial of access to the courts is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim), let alone an irreparable harm.

/ / /

/ / /

2

| | |
|---|---|
| 1 | Based on the foregoing, the undersigned recommends that plaintiff's motion for |
| 2 | injunctive relief (Doc. 5) be denied. |
| 3 | These findings and recommendations are submitted to the United States District |
| 4 | Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days |
| 5 | after being served with these findings and recommendations, any party may file written objections |
| 6 | with the court.  Responses to objections shall be filed within 14 days after service of objections. |
| 7 | Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. |
| 8 | Ylst, 951 F.2d 1153 (9th Cir. 1991). |

Dated:  December 6, 2018

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE